**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KEITH WHITTLE,** | : | |
| Plaintiff, | : | Case No. 1:06-cv-744 |
| v. | : | Judge Holschuh |
| **PROCTOR & GAMBLE, et al.,** | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

**Memorandum Opinion and Order**

This matter is before the Court on two separate motions to dismiss, or in the alternative, a motion for a more definite statement, filed by the defendants, Proctor & Gamble ("P&G"), Theodore P. Cummings, and Traci Cummings (collectively known as "defendants"). The plaintiff, Keith Whittle, filed suit against the defendants claiming, inter alia, breach of agreement, misrepresentation, conspiracy, unjust enrichment, fraudulent inducement, infringement of patent, and theft. The defendants subsequently moved to dismiss the complaint arguing that pursuant to Fed.R.Civ.P. 12(b)(6), the plaintiff's complaint fails to state claims upon which relief can be granted. In the alternative, the defendants moved for a more definite statement under Fed.R.Civ. 12(e). The motions are fully briefed and ripe for adjudication. For the following reasons, the defendants' motion to dismiss, or in the alternative, a motion for a more definite statement, will be granted in part.

I.

The following alleged facts are outlined in the complaint and reproduced verbatim:

Theodore P. Cummings and Plaintiff entered into an agreement wherein Mr. Cummings represented himself as agent on behalf of the Mr. Whittle and his purported patent attorney who drafted and prosecuted Mr. Whittle's original case.

Mr. Cummings agreed to represent Plaintiff and present Plaintiff's Invention before the United States Patent and Trademark Office for purposes of securing a patent, license and or otherwise securing an intellectual property registration for Plaintiff's invention.

The agreement also required Defendant Theodore P. Cummings to act in good faith and to properly present Plaintiff's "impact structure for the absorption of impact forces to the body" with "activating heating zones." Accordingly, Plaintiff at all relevant times was working with Theodore P. Cummings and or his associates and or agents acting on Plaintiff's behalf as or directed by Defendant Theodore P. Cummings.

Defendants knew or should have known, based on the agreement Theodore P. Cummings and Plaintiff that Plaintiff expected the invention to entail all material aspects of the invention as set forth in the submissions to Theodore P. Cummings including but not limited to the activatable heating zones, which were valuable aspects of the invention that Plaintiff expected to be patented and advanced on his behalf.

Theodore P. Cummings and or his agent, Tracy Cummings, knew or should have known from the drawings submitted to them that Plaintiff expected to receive a patent, patent pending and or intellectual property interest in the invention as submitted or a reasonable derivation inclusive of the activatable heating zones.

Theodore P. Cummings and or Tracy Cummings failed to honor and or did otherwise breach an agreement between Theodore P. Cummings and Plaintiff relating to the provisional Application No. 60-07352 entitled, "An Impact Structure For The Absorption of Impact Forces To The Body" filed on or about February 3, 1998, and according to 35 U.S.C. § 119(e). Further, Plaintiff was duly and legally issued application number 09/146,183, with a filing date of July 8, 2003.

Per Theodore P. Cummings and Plaintiff's agreement, Defendant Cummings, and later the other Defendants, understood or should have understood, through reasonable due diligence, that Plaintiff sought and expected a patent inclusive of a "impact structure for the absorption of impact forces to the body" with "activatable heating zones." Defendants are and have been for a long time past and still are infringing Plaintiff's patent by making, selling, marketing and using said invention embodying the patented invention, and will continue unless enjoined by this Court.

\*\*\*

Theodored, and later the other Defendants, breached the agreement between Cummings and Plaintiff despite Plaintiff placing the statutory notice of his invention manufactured and sold on his behalf to which protection Plaintiff now seeks to avoid further infringement and harm.

Plaintiff did not become of the infringement until recently because he believed his entire pattent had been awarded to him but, come to find out that relevenat aspects of his invention had been misappropriated, and in particular, the activatable heating

zones, by Proctor and Gambe.

As a result of Defendants' unlawful breach and resulting illegal conduct, Plaintiff's application # 09/146,183 and patent # 6,5888,019 and file wrapper contents does not contain and or include the valuable activatable heating zone aspect of Mr. Whittle's invention submitted to Mr. Cummings.

(Complaint, ¶¶ 9-15; 17-19 (doc. # 1)).

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir.1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (citing Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).

The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Conley v. Gibson, 355 U.S. 41, 47 (1957); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405 (6th Cir.1998). A complaint need not set down in detail all the particularities of a plaintiff's claim, but instead must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); but see Fed.R.Civ.P. 9(b)("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). Nevertheless, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988)(emphasis in original). Bare assertions of legal conclusions are insufficient. See id.; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993). Likewise, "a formulaic recitation of the elements of a cause of action" is not enough. Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1965 (2007).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe

the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Scheuer, 4l6 U.S. at 236; Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir.2004); Mayer, 988 F.2d at 638. The Court will indulge all reasonable inferences that might be drawn from the pleading. See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir.1997). It will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir.2000); Lewis, 135 F.3d at 405-06.

The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. Little v. UNUM Provident Corp., 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir.1978)).

III.

A. Breach of Agreement

The complaint alleges the following breach of agreement claim (reproduced verbatim):

Defendant Mr. Cummings and Plaintiff Whittle entered into an agreement.

Defendant Mr. Cummings breached the agreement including but not limited to, misrepresenting to Plaintiff that he had secured a patent or otherwise licensed interest in the invention of an "impact structure for the absorption of impact forces to the body" inclusive of "activatable heating zones."

Defendant's breach violated the Plaintiff's legal rights in his invention including and not limited to misrepresentation before the United States Patent and Trademark office and later theft and other illegal acts by Mr. Cummings.

Upon information and belief, Defendant Theodore P. Cummings knew or should have known that his conduct violated the agreement he entered into with Mr. Whittle and has resulted in pecuniary and other harm to Plaintiff.

Because of Defendant Mr. Cumming's refusal to abide by the agreement, Plaintiff was and continues to be adversely affected.

Plaintiff alleges, on information and belief, that Defendant Mr. Cummings true purpose for the failure to honor the agreement was to otherwise illegally profit by Plaintiff's invention.

(Complaint, ¶¶ 22-27 (doc. # 1)).

## P&G

P&G argues that although the term "defendants" is scattered throughout the breach of agreement claim, the plaintiff fails to allege that it was part of the agreement between the plaintiff and Theodore P. Cummings. P&G therefore contends that any breach of agreement claim asserted against it should be dismissed because the plaintiff fails to state that it was a party to the agreement. A review of the breach of agreement claim supports that rationale. According to the complaint, it appears that the plaintiff entered into an agreement with only Theodore P. Cummings, not P&G or both Cummingses. In fact, P&G is not mentioned in the breach of agreement claim. (Complaint, ¶¶ 21-28 (doc. #1)). Thus, all claims asserted against P&G for breach of agreement will be dismissed for failing to state a breach of agreement claim against it.

## The Cummingses

The Cummingses claim that the plaintiff failed to plead all the elements of a breach of agreement claim. Specifically, the Cummingses argue that the plaintiff "failed to allege 'performance by the Plaintiff' and 'consideration.' In fact, Plaintiff Whittle completely neglects to discuss any consideration for Defendant Ted Cummings to enter into an alleged agreement - an alleged agreement under which an unpaid Ted Cummings drafted and prosecuted the entire patent application on behalf of his former friend Plaintiff Whittle." (The Cummings' Motion to Dismiss or in the alternative Motion for a More Definite Statement at p. 9 (doc. #14)). Moreover, the Cummingses suggest that the plaintiff has failed to assert a breach of agreement claim against Ms. Cummings because she is not identified in this allegation.

In response, the plaintiff initially argues that under the "notice pleading" standard, he has alleged sufficient facts to alert the Cummingses that he is asserting a breach of agreement claim against them. Specifically, he contends that he entered into an agreement with Mr. Cummings where Mr. Cummings would represent the plaintiff's "Invention before the United States Patent and Trademark Office for purposes of securing a patent, license and or otherwise securing intellectual property registration for Plaintiff's invention." (Complaint, ¶ 9 (doc. #1)). The plaintiff claims that the Cummingses breached that agreement because they "failed to honor and or did otherwise breach an agreement between Theodore P. Cummings and Plaintiff relating to the provisional Application No. 60-07352 entitled, '[A]n Impact Structure For The Absorption of Impact Forces To The Body'

5

filed on or about February 3, 1998 ... [and] was duly and legally issued application number 09/146,183, with a filing date of July 8, 2003 (See portion of copy of File Wrapper Exhibit A-1 without the activatable heating zones)." (Plaintiff's Memo. in Opposition to Defendants' Motion to Dismiss, at p. 6 (doc. #19)(citing complaint, ¶¶ 14-20 (doc. #1))). In essence, it appears that the plaintiff alleges a breach of agreement because the plaintiff's provisional application failed to include the "activatable heating zones."

Preliminarily, the Court notes that Ms. Cummings was not mentioned as an actor or participant in the alleged formation and/or breach of the agreement. The plain language of the complaint states that the alleged contract was solely between the plaintiff and Theodore P. Cummings. Thus, Ms. Cummings is dismissed as a defendant to this particular claim because no claim was asserted against her.

Under the Federal Rules' "notice pleading" requirements, a "pleading which sets for a claim for relief ... shall contain ... a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In Ohio, a breach of agreement claim "is pleaded by stating (1) the terms of the contract, (2) the performance of the plaintiff of his obligations, (3) the breach by the defendant, (4) damages, and (5) consideration." American Sales, Inc. v. Boffo, 71 Ohio App.3d 168, 175 (2nd Dist.1991). Consideration may consist of either a benefit to the promisor or a detriment to the promisee. Lake Land Employment Group of Akron, LLC v. Columber, 101 Ohio St.3d 242, 247 (2004). "A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss, or responsibility given, suffered, or undertaken by the promisee." Id.

In the instant case, the complaint indicates that the plaintiff and Cummings entered into an agreement where Cummings would represent the plaintiff's "[i]nvention before the United States Patent and Trademark Office for purposes of securing a patent, license and or otherwise securing an intellectual property registration for Plaintiff's invention." (Complaint, ¶ 10). The complaint further states that "based on the agreement between [them] that Plaintiff expected all material aspects of the invention as set forth in the submissions to Theodore P. Cummings including but not limited to the activatable heating zones, which were valuable aspects of the invention that Plaintiff expected to be patented and advanced on his behalf." (Id., ¶ 12). Moreover, the complaint states that the agreement was breached because the patent application failed to mention and/or cover the

6

"activatable heating zones," (id., ¶ 14), and, as a result of that breach, the plaintiff suffered damages, (id., ¶ 28).

Reading these allegations in a light most favorable to the plaintiff, it appears that there may have been an agreement, Mr. Cummings may have breached that agreement and the plaintiff may have suffered damages. These conclusory allegations alone, however, fail to state a claim for breach of contract under Ohio law. Although the alleged agreement by Mr. Cummings is generally described, there is absolutely no indication of what the plaintiff did or promised to do to support consideration for the agreement. Because the plaintiff is proceeding pro se and has arguably identified some of the necessary allegations to survive a Rule 12(b)(6) motion, the Court will it is not dismiss the claim in its entirety but will grant the defendants' motion for a more definite statement. The plaintiff shall file an amended complaint that sets forth with more particularity the terms of the alleged agreement, including any payments or promises made by him to Cummings in consideration of Cummings' alleged agreement regarding a patent application.

### B. Misrepresentation/Fraudulent Inducement

The plaintiff's misrepresentation claim alleges that

> [p]laintiff's action of entering into the agreement with Defendant Theodore P. Cummings was based upon a legitimate business interest between Plaintiff and Defendant Cummings and or Tracy Cummings.
>
> Defendant Theodore P. Cummings, upon information and belief, intended to disregard his duty and obligations to Plaintiff for the proper representation of Plaintiff's invention and as a direct and proximate result of violation of that agreement and or misrepresentation to and on behalf of Plaintiff, engaged in misrepresentations before and or related to the United States Patent and Trademark office resulting in harm to Plaintiff.
>
> Defendant because he refused to provide all the relevant invention information, and or misrepresented the claims and or drawings of said invention by Plaintiff has engaged in fraud.
>
> As a direct and or proximate result of Defendant Theodore P. Cummings and or his agent and or those acting on Defendant's behalf, Plaintiff was, is and continues to be harmed.
>
> Defendants' conduct, all of them, upon information and belief, was fraudulent, and or intentional, and or is arising out of Defendant Theodore P. Cummings, misrepresentations, and or lack of due diligence by other Defendants, to and before

7

> the United States Patent and Trademark office.
>
> Plaintiff's legitimate expectation of proper agency representation regarding his invention was violated by Defendant Theodore P. Cummings' misrepresentations and acts and resulted in pecuniary and other harm to Plaintiff.
>
> Defendant Theodore P. Cummings conduct was fraudulent and in violation of law without privilege.
>
> As a direct and proximate result of Defendant Theodore P. Cummings' fraud, and other unlawful acts, Plaintiff has suffered and continues to suffer loss of income and benefits and impairment of earning capacity, business reputation, humiliation and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof.

(Complaint, ¶¶ 30-37 (reproduced verbatim)). Further, a similar claim, fraudulent inducement, states (reproduced verbatim):

> The actions of Defendants were intended to fraudulently induce Plaintiff to enter into an agreement with Theodore P. Cummings that Mr. Cummings had no intention of honoring the moment Mr. Cummings fraudulently misrepresented Plaintiffs invention to the United States Patent and Trademark office by modifying Plaintiff's invention, without privilege and or permission so that Defendants could secure profits for and to themselves.
>
> The misrepresentation of the facts, as it regarded Plaintiff's invention, was a modification of the invention so as to place or otherwise modify Plaintiff's invention so that Defendants could steal and otherwise profit from Plaintiff's work illegally.
>
> Defendant knew or should have known that the modification of Plaintiff's invention before the United States Patent and Trademark office would result in theft and or misappropriate of Plaintiff's intellectual property rights that Defendant Theodore P. Cummings had agreed to protect and otherwise secure solely for Plaintiff's benefit.

(Id., ¶¶ 49-51).

Under Ohio law, the elements of fraud, which include both misrepresentation and inducement, are:

> (a) a misrepresentation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

Burr v. Bd. of County Comm. of Stark County, 23 Ohio St.3d 69, paragraph two of the syllabus (1986). The Ohio Supreme Court has held that a plaintiff cannot maintain an action for fraud or fraudulent misrepresentation when the fraudulent representations were not made to the plaintiff to induce him to act. Wells v. Cook, 16 Ohio St. 67, syllabus (1865); see also Howick v. Lakewood Village Ltd. Partnership, No. 10-06-25, 2007-Ohio-4370 (Ohio App. 3rd Dist. Aug. 27, 2007)(citing Wells); Baddour v. Fox, No. 03CA-77, 2004-Ohio-3059 (Ohio App. 5th Dist. June 4, 2004)(same); Marbley v. Metaldyne Co., No. 21377, 2003-Ohio-2851 (Ohio App. 8th Dist. June 4, 2003)(same); Moses v. Sterling Commerce America, Inc., No. 02AP-161, 2002-Ohio-4327 (Ohio App. 10th Dist. Aug. 15, 2002)(same). "A plaintiff fails to state a valid cause of action for fraud when he alleges that a third-party relied on misrepresentations made by a defendant and that he suffered injury from that third-party's reliance." Moses, 2002-Ohio-4327, ¶ 21 (citing Sooy v. Ross Incineration Serv., Inc., No. 98CA007031, 1999 WL 975112, *10 (Ohio App. 9th Dist. Oct. 20, 1999).

In the instant case, the complaint states that Cummings "intended to disregard his duty and obligations to Plaintiff for the proper representation of Plaintiff's invention" by "engag[ing] in misrepresentations before and or related to the United States Patent and Trademark office resulting in harm to Plaintiff." (Complaint, ¶ 31). Moreover, "[d]efendants' conduct, all of them, upon information and belief, was fraudulent, and or intentional, and or is arising out of Defendant Theodore P. Cummings, misrepresentations, and or lack of due diligence by other Defendants, *to and before the United States Patent and Trademark office*." (Id., ¶ 34 (emphasis added)).

Thus, assuming the allegations in the complaint are true, it appears that the defendants, in particular Cummings, made no misrepresentations to the plaintiff. Instead, the complaint states that the alleged fraudulent misrepresentations were made directly to the United States Patent and Trademark office. Without allegations that Cummings made fraudulent misrepresentations to him, and that he relied on those fraudulent misrepresentations, the plaintiff cannot successfully make a fraud claim under Ohio law.

When examining the fraudulent inducement claim, however, it appears (although there is some confusion) that the plaintiff alleges that the defendants "fraudulently induce[d] Plaintiff to enter into an agreement with Theodore P. Cummings" so that Mr. Cummings could represent the plaintiff's invention before the United States Patent and Trademark office. (Id., ¶ 49). The complaint indicates that once Mr. Cummings received representation rights, he purposely presented

a modified version of the plaintiff's invention to the United States Patent and Trademark office. The plaintiff claims that this action was performed so that the defendants could profit from his invention.

Fed.R.Civ.P. 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." According to the Court of Appeals for the Sixth Circuit that means that a complaint must, at a minimum, must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury from the fraud." Coffey v. Foamax L.P., 2 F.3d 157, 161-62 (6th Cir.1993).

Here, assuming the allegations are true, the complaint fails to identify what any defendant specifically did to "fraudulently induce Plaintiff to enter into an agreement with Theodore P. Cummings" so that Cummings could represent the plaintiff in processing the plaintiff's invention before the United States Patent and Trademark office. In fact, the complaint is void of any allegations regarding the time when any defendant fraudulently induced the plaintiff; the place where a defendant fraudulently induced the plaintiff; the content of what a defendant said or did to fraudulently induce the plaintiff; or the defendant's reason for fraudulently inducing the plaintiff to enter into an agreement providing for Cummings to represent the plaintiff in his patent application.

In Coffey, the Court of Appeals analyzed whether a claim for fraud was pleaded with the requisite particularity provided for under the Federal Rules. The court stated:

> Here, while the complaint fairly clearly alleges the existence of a dangerous workplace, the manner in which injury occurred, and, to a lesser extent, the injuries which resulted, the complaint is vague at best as to which specific acts or omissions of the defendants amounted to fraudulent misrepresentation. The allegation that "defendants ... actively practiced fraud upon the plaintiffs" is purely conclusory. That they "failed to warm plaintiffs of TDI contamination," without more, does not give rise to fraudulent misrepresentation; neither does "exposing [plaintiffs] to hazardous conditions in the work environment of which the plaintiffs were unaware." More importantly, perhaps, the complaint does not properly set out allegations of plaintiffs' reliance on defendants' supposed misrepresentations.

Coffey, 2 F.3d at 162. Comparing Coffey to the instant case, it appears that the claims in Coffey, although insufficiently plead, were pleaded with more particularity than those in this case. If Coffey's claims lacked particularity, the fraud claims in this case certainly do as well.

While lack of particularity in a fraud claim could be fatal to that claim's survival, the Court

concludes that given the fact that the plaintiff is proceeding pro se and that the complaint should be construed in the light most favorable to the plaintiff, the Court will give the plaintiff the opportunity to amend his complaint to comply with the Rules. This is especially true given the defendants' alternative request for a more definite statement. Coffey stated:

> Nonetheless, despite the plaintiffs' failure to satisfy the requirements of Rule 9(b), in the absence of defendants' motion for more definite statement under Rule 12(e), dismissal on this basis alone would not be appropriate. *See Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir.1958)(in meeting Rule 9(b) particularity requirement, "federal courts must be liberal in allowing parties to amend their complaints").

Id.

Thus, the defendants' motion for a more definite statement is granted on the fraudulent inducement claim. The fraudulent misrepresentation claim (the second claim for relief) involves the representations that the defendant Cummings allegedly made to the United States Patent and Trademark office. As noted, supra, fraudulent misrepresentations made to third parties are not actionable under Ohio law.

Regarding the fraudulent inducement claim (the fifth claim for relief), however, it appears that the plaintiff's claim, although insufficiently pled under the Rules, alleges that the defendants made claim(s) and/or statement(s) directly to him in order to authorize Cummings to represent him and his invention at the United States Patent and Trademark office. While the claim itself was not pleaded with the requisite particularity required under the Rules, the plaintiff should be given an opportunity to amend his complaint to provide the defendants with the particularity required under the law. In the amended complaint, the plaintiff must identify, at a minimum, specific actions engaged in by each individual defendant which allegedly fraudulently induced him to enter into the agreement with Cummings; the time and place where the inducements took place; the defendants' alleged reason for fraudulent inducement; and the specific terms of the alleged agreement. Accordingly, the plaintiff will be given an opportunity to amend his complaint to comply with the particularity requirements provided for in Rule 9(b).

### C. Civil Conspiracy

The plaintiff alleges in his third claim for relief that (reproduced verbatim):

> [t]he action of Defendant Theodore P. Cummings, and or those in privity with him and or those working in or in Defendant Cummings behalf including but not limited

11

>to Defendant Tracy Cummings and or Defendant Proctor and Gamble.
>
>The Defendants knew or should have known that Plaintiff sought market and profit from his invention.
>
>Defendants knew or should have known that their unjust acts would result in harm to Plaintiff but notwithstanding, they submitted false and or forged paperwork and misrepresented their ownership interest in Plaintiff's invention to the United States Patent and Trademark office.

(Id., ¶¶ 39-41).

The defendants argue that the plaintiff's civil conspiracy claim is insufficiently pled because the complaint is vague and fails to allege an actual conspiracy under Ohio law. In response, the plaintiff states (reproduced verbatim):

>Plaintiff alleged conspiracy because, upon information and belief, Mr. Cummings, and his agent Ms. Cummings, violated their agreement with Plaintiff in that Plaintiff did not receive a patent on all his invention and "Defendants knew or should have known that their unjust acts would result would result in harm to Plaintiff but notwithstanding, they submitted false and or forged paperwork and misrepresented their ownership interest in Plaintiff's invention to the United States Patent and Trademark office." These acts were intentional and carried out when Mr. Cummings was working at P&G as an employee, resulting in the harm complained about. Said another way, exhibit B[1] establishes or, at a minimum, creates the inference that while Mr. Cummings was misrepresenting Plaintiff, he knew or should have known that P&G submitted Plaintiff's invention to the PT&O and received a patent on it. P&G, a huge conglomerate, holder of thousands of patents, did not coincidentally acquire a patent on an invention virtually identical to Plaintiff's except that P&G's patent had activatable heating zones - the same as those removed by their employee the same Mr. Cummings.

(Plaintiff's Memo. in Opposition to Defendants' Motion to Dismiss, at pp. 7-8 (doc. #19)).

Under Ohio law, a civil conspiracy tort is "a malicious combination of two or more persons to injure another in person or in property, in a way not competent for one alone, resulting in actual damages." Williams v. Aetna Financial Co., 83 Ohio St.3d 464, 475 (1998). An underlying unlawful act is required in order to succeed on a civil conspiracy claim because a conspiracy, in itself, is not actionable. Id.

---

[2] Exhibit B is a facsimile transmission, on P&G letterhead, from Mr. Cummings to the United States Patent and Trademark office.

12

The complaint states that the defendants "submitted false and or forged paperwork and misrepresented their ownership interest in Plaintiff's invention to the United States Patent and Trademark office." (Complaint, ¶ 41). Thus, it appears that the plaintiff has identified an underlying unlawful act, i.e. submitting false and/or forged paperwork to the United States Patent and Trademark office. Nevertheless, that underlying unlawful conduct and the term "conspiracy" are essentially all that is pled in this claim. The complaint fails to allege with any degree of specificity the identity of the alleged conspirators and the purpose of the alleged conspiracy. For example, the complaint names Cummings, "and or those in privity with him and or those working in or in Defendant Cummings behalf including but not limited to Defendant Tracy Cummings and or Defendant Proctor and Gamble." (Id., ¶ 39). The complaint is therefore totally devoid of any allegations outlining Ms. Cummings' or P&G's conduct that would show that they were "in privity" with Mr. Cummings or that they participated in the alleged conduct with Mr. Cummings before the United States Patent and Trademark office.

Further, the fact that Mr. Cummings was a P&G employee is obviously insufficient to allege that P&G was a member of a conspiracy. At some point, P&G may actually have received a patent on an invention "virtually identical to Plaintiff's except that P&G's patent had activatable heating zones." (See Plaintiff's Memo. in Opposition to Defendants' Motion to Dismiss, at pp. 7-8 (doc. #19)). But those allegations appear to resemble patent infringement rather than civil conspiracy charges and are insufficient to support a claim that P&G entered into a conspiracy with Mr. Cummings to present fraudulent documents to the United States Patent and Trademark office.

In short, merely identifying an underlying unlawful act and employing the term "conspiracy" fails to comply with even the most basic requirements of Rule 8(a)(2), which simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." See, e.g., Twombly, –U.S.–, 127 S.Ct. at 1966 (citing for comparison DM Research, Inc. v. College of American Pathologists, 170 F.3d 53, 56 (1st Cir.1999)("[T]erms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation - for example, identifying a written agreement or even a basis for inferring even a tacit agreement - but a court is not required to accept such terms as a sufficient basis for a complaint")(internal citation omitted)). Nowhere in the present complaint are there factual allegations that would support the purely conclusory allegation of a civil conspiracy. Thus, the

plaintiff's civil conspiracy claim fails to state a claim upon which relief can be granted.

### D. Unjust Enrichment/ Patent Infringement

The unjust enrichment claim states (reproduced verbatim):

> The actions of Defendants unjustly enriched Proctor and Gamble, Theodore P. Cummings and or Tracy Cummings.
>
> Defendants knew or should have known that their conduct would result in unjust enrichment to Defendants and pecuniary harm to Plaintiff from the theft and later sale of relevant aspects of Plaintiff's invention.
>
> Defendants knowingly and willfully marketed and or made or sold aspects and or relevant patentable portions/aspects of Plaintiff's invention to others that resulted in Defendants unlawfully profiting thereby.
>
> As a direct and proximate result of defendants theft and marketing of Plaintiff's invention and or relevant aspects of that invention, Plaintiff has suffered and continues to suffer loss of income and benefits and impairment of earning capacity, business reputation, humiliation and other incidental and consequential damages and expenses, all to Plaintiff's damages in an amount according to proof.

(Complaint, ¶¶ 44-47).  Further, the patent infringement claim states:

> The actions of Defendants were under taken in derogation of Plaintiff's statutory and common law claims arising under the federal and state laws as it regards patents and or property rights, respectively.
>
> The Defendants' actions of deprivation of certain intellectual property rights opportunities and rights and privileges gives rise to a statutory right for compensation.
>
> Defendants knew or should have known that their unjust acts would violate Plaintiff's aforementioned rights and result in pecuniary harm to Plaintiff.
>
> As a direct and proximate result of Defendants' intentional violation of Plaintiff's rights under federal statutory law and State of Ohio common laws, Plaintiff continues to suffer loss of income and benefits and impairment of earning capacity, business reputation, humiliation and other incidental and consequential damages and expenses, all to Plaintiffs' damages in an amount according to proof.

(Id., ¶¶ 54-57 (reproduced verbatim)).

The defendants argue that the plaintiff's unjust enrichment claim is really a claim for patent infringement.  Additionally, they contend that the complaint fails to identify "what aspects of his

14

invention were stolen and where and when they were marketed, made or sold without [Mr. Whittle's] consent." (Defendant the Proctor & Gamble Company's Reply Memorandum in Support of Its Motion to Dismiss or in the alternative Motion for a More Definite Statement at p. 5 (doc. #24)). Contrarily, the plaintiff, in support of his unjust enrichment claim, contends that "Plaintiff alleged that P&G have been unjust enriched at Plaintiff's expense. It logically follows that if P&G submitted false paperwork to the PT&O and received a patent on Plaintiff's invention, said invention would enrich P&G." (Plaintiff's Memo. in Opposition to Defendants' Motion to Dismiss, at p. 8 (doc. #19)(reproduced verbatim)). The plaintiff additionally argues that

> upon becoming aware that he did not have all relevant aspects of his invention patented, as was agreed to by Mr. Cummings, advised Defendants of their infringement of his invention. In accordance with Plaintiff being entitled to all reasonable inferences, Defendants conduct was willfully and knowingly carried out individually and/or in concert with one another so that Plaintiff's patent was thereby infringed.

(Id. (reproduced verbatim with internal citations omitted)).

In Ohio, when a party makes a claim for unjust enrichment, the party is asking the court to find a contract implied-in-law, or quasi-contract, so that one party cannot receive a benefit without just compensation from another party. See, e.g., Hummel v. Hummel, 133 Ohio St. 520, 525 (1938)(liability in quasi-contract "arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain ..."); Torbeck v. Iannelli, No. CA2006-10-085, 2007-Ohio-4539, ¶ 19 (Ohio App. 12th Dist. Sept. 4, 2007)("When a party makes a claim for unjust enrichment, it is asking the court to find the existence of a contract implied in law, or quasi-contract, which is nothing more than a legal fiction, an equitable vehicle for obtaining a just result")(internal quotations omitted). The Ohio Supreme Court identified the elements of unjust enrichment as (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge of the benefit by the defendant and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. Hambelton v. R.G. Barry Corp., 12 Ohio St.3d 179, 183 (1984).

When reading these two claims together, it appears that the plaintiff's unjust enrichment claim is, in reality, nothing more than an attempt to rephrase the patent infringement claim. While there is an alleged contract between the plaintiff and Cummings, there appears to be no existence of an equitable contract implied in law. There specifically appears to be no allegations regarding

15

a benefit conferred by the plaintiff upon the defendants; knowledge of the benefit by the defendants; and retention of the benefit by the defendants where it would be unjust to do so without payment. Instead, as explicitly stated in the complaint, the defendants "knowingly and willfully marketed and or made or sold aspects and or relevant patentable portions/aspects of Plaintiff's invention to others that resulted in Defendants unlawfully profiting thereby." (Complaint, ¶ 46). All of this, the plaintiff alleges, was in violation of federal and state patent laws. (Id., ¶¶ 54-57). Put simply, the two relevant sections of the complaint (the fourth and sixth claims for relief) read together suggest that the plaintiff is claiming that the defendants infringed on the plaintiff's patent by marketing, making and/or selling the plaintiff's invention without authorization and that it would be unjust for them to keep the profits from this unlawful conduct.

Accordingly, accepting all well-pleaded allegations as true, the Court concludes that the plaintiff failed to state a claim for unjust enrichment under Ohio law but did state a claim for alleged patent infringement. Although, as the defendants suggest, the complaint does not specify the time, place and manner of the alleged infringement, the complaint sufficiently places the defendants on notice that the allegations against them include knowingly and willfully marketing and/or making and/or selling aspects of the plaintiff's patented invention. (Id., ¶ 46).

### E. Theft

In the plaintiff's final claim, he alleges (reproduced verbatim):

The actions of Defendants, as previously alleged, were also acts of theft.

The deprivation and or modification by Defendants of Plaintiff's invention and or aspects of his intellectual property resulted in theft.

Defendant knew or should have known that that their theft was contrary to law and without privilege and would and did result in harm to Plaintiff.

As a direct and proximate result of Defendants theft, Plaintiff has suffered loss of income and benefits and impairments of earning capacity, business reputation, humiliation and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof.

(Id., ¶¶ 59-62).

The defendants claim that the plaintiff's theft claim must fail because there is no allegation for theft in the complaint. Instead, the defendants suggest that the plaintiff's theft claim is another

claim for misrepresentation. The plaintiff argues, in response, that under Ohio law,

> material and substantial misrepresentations affecting the identity, value or character of the subject matter of a contract may entitle a party to relief regarding the contract. Therefore, despite Defendants argument that a claim for theft is not recognized, it is the alleged misrepresentations made by Defendants to the PT&O which culminated in the deprivation of Plaintiff's invention, and not the theft itself, that provide the basis for his deprivation of his invention by Defendants.

(Plaintiff's Memo. in Opposition to Defendants' Motion to Dismiss, at p. 9 (doc. #19)).

First, the Court notes that in Ohio, there is no civil law theft claim. Wolf v. Lakewood Hospital, 73 Ohio App.3d 709, 715 (8th Dist.1991)("The theft claim is nonexistent in civil law. Rather, the claim is rightfully termed as a tort of 'conversion'").

Second, the case that the plaintiff relies upon for support, Ott v. Midland-Ross Corp., 600 F.2d 24 (6th Cir.1979), is inapposite. Ott does not involve a civil theft claim. Rather, Ott involves, inter alia, a claim for wrongful inducement.

A plaintiff cannot recover for the tort of conversion if the subject of the conversion was a non-tangible idea. Joyce v. General Motors Corp., 49 Ohio St.3d 93, 96 (1990)("It is thus generally agreed that ideas are not the property of anyone unless expressed in a legally protected manner")(citing Lear v. Adkins, 395 U.S. 653, 668 (1969)). If the plaintiff's "invention" was not patented but was merely an idea, the defendants cannot commit the tort of conversion.

To the extent that the defendants were selling and/or marketing the plaintiff's invention that did not include an "activatable heating zone," that invention (minus the "activatable heating zones") was allegedly protected by a patent. But that is not the gravamen of the plaintiff's complaint because the focus instead appears to be that the defendants obtained an insufficient patent for the plaintiff (his invention without "activatable heating zones") and then subsequently marketed/sold an invention that did include "activatable heating zones." Selling and/or marketing the plaintiff's invention that included "activatable heating zones" is not a conversion as a matter of law because his idea of "activatable heating zones," according to the plaintiff, was not patented or otherwise legally protected. Thus, the "activatable heating zones" being merely an "idea" that is not expressed in a legally protected manner, a conversion could not have occurred.

The Court therefore concludes that the plaintiff's "theft" claim fails to state a claim upon which relief can be granted.

17

IV.

Based on the foregoing, the defendants' motion to dismiss, or in the alternative, a motion for a more definite statement (docs. #14, 15) are GRANTED IN PART.  The plaintiff's misrepresentation (second claim for relief), conspiracy (third claim for relief), unjust enrichment (fourth claim for relief), and theft (seventh claim for relief) claims are DISMISSED for failing to state a claim upon which relief can be granted.  The plaintiff's breach of agreement claim (first claim for relief) is DISMISSED as to all the defendants except for Mr. Cummings.

The motion for a more definite statement is GRANTED as to the breach of agreement (first claim for relief) and the fraudulent inducement (fifth claim for relief) claims.  The plaintiff is instructed to provide the defendants with a more definite statement regarding these claims that is consistent with this Memorandum Opinion and Order.  The plaintiff shall file an amended complaint within 30 days of the date of this Memorandum Opinion and Order.  The plaintiff is reminded that the requirements of Fed.R.Civ.P. 11 apply to amended pleadings, as well as original pleadings.

The defendants' motion to dismiss, or in the alternative, a motion for a more definite statement (docs. #14, 15) are DENIED as to the infringement of patent (sixth claim for relief) claim.

**IT IS SO ORDERED.**

Date: November 27, 2007                              /s/ John D. Holschuh
                                                    John D. Holschuh, Judge
                                                    United States District Court