IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH WHITTLE, | : | |
| Plaintiff, | : | Case No. 1:06-cv-744 |
| v. | : | Judge Holschuh |
| PROCTER & GAMBLE, et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Keith Whittle filed suit against The Procter & Gamble Company ("P&G") and Theodore and Traci Cummings. His Amended Complaint includes claims of breach of contract, fraudulent inducement, and patent infringement. This matter is currently before the Court on Defendant Theodore Cummings' motion to dismiss Counts I and II of the Amended Complaint -- the claims of breach of contract and fraudulent inducement. For the reasons stated below, that motion is granted in part and denied in part.

**I.      Background and Procedural History**

Theodore Cummings, an employee of P&G, agreed to help Plaintiff obtain a patent for Plaintiff's "TriPad" invention. The TriPad, a protective sheath to be worn by athletes and construction workers, is designed to absorb the impact of external forces and protect the body's joints and muscles from forceful blows. Plaintiff's invention also included internal heating units or "activatable heat zones." Cummings submitted a patent application on Plaintiff's behalf and on July 8, 2003, the United States Patent and Trademark Office issued a patent for an "impact structure for the absorption of impact forces to the body."

Subsequently, Plaintiff noticed that P&G had manufactured a Thermacare product with activatable heat zones substantially similar to those in his own invention.  Plaintiff then discovered that the final patent application that Cummings submitted did not include the activatable heat zones.  Plaintiff maintains that P&G misappropriated his idea.

In September of 2006, Plaintiff filed suit against P&G and against Theodore Cummings and Theodore's wife, Traci Cummings.  Causes of action included breach of contract, misrepresentation, conspiracy, unjust enrichment, fraudulent inducement, patent infringement, and theft.  Defendants filed motions to dismiss or, in the alternative, motions for a more definite statement.  On November 27, 2007, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court dismissed the claims of misrepresentation, conspiracy, unjust enrichment, and theft.  The Court denied Defendants' motions to dismiss the patent infringement claim, and directed Plaintiff to file an Amended Complaint to cure pleading deficiencies with respect to the claims of breach of contract and fraudulent inducement.

Plaintiff's Amended Complaint asserts three causes of action.  In Count I, he alleges that Theodore Cummings breached an agreement to obtain a patent for Plaintiff's entire invention including the "activatable heat zones."  In Count II, Plaintiff alleges that Theodore Cummings and P&G fraudulently induced him to enter into the agreement to apply for a patent on his behalf.  In Count III, Plaintiff alleges that P&G, Theodore Cummings and Traci Cummings infringed on his patent and deprived him of intellectual property rights. Defendant Theodore Cummings has moved to dismiss Counts I and II pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.     Discussion**

    **A.     Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (citing Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974)).  The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  See Conley v. Gibson, 355 U.S. 41, 47 (1957); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1998).  A complaint need not set down in detail all the particularities of a plaintiff's claim.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(emphasis in original).  Bare assertions of legal conclusions are insufficient.  See id.; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). Likewise, "a formulaic recitation of the elements of a cause of action" is not enough.  Bell

3

Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1965 (2007).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Scheuer, 4l6 U.S. at 236; Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638. The Court will indulge all reasonable inferences that might be drawn from the pleading. See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997). However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis, 135 F.3d at 405-06.

The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. Little v. UNUM Provident Corp., 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

**B.    Count I: Breach of Contract**

In Count I of the Amended Complaint, Plaintiff alleges that Theodore Cummings breached an agreement to submit a patent application for Plaintiff's entire invention including the activatable heat zones. In its November 27, 2007 Memorandum Opinion & Order, the Court held that even though it appeared that Theodore Cummings might have breached the alleged agreement, causing Plaintiff to suffer damages, Plaintiff had nevertheless failed to state a claim for breach of contract.

Under Ohio law, a plaintiff alleging breach of contract must prove "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." Doner v. Snapp, 98 Ohio App. 3d 597, 600, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994). "A contract consists of an offer, an acceptance, and consideration." Consideration consists of either a benefit to the promisor or a detriment to the promisee, and must be a "bargained for" exchange. Bono v. McCutcheon, 159 Ohio App. 3d 571, 2005-Ohio-299, 824 N.E.2d 1013, at ¶ 9 (Ohio Ct. App. 2005).

In its Memorandum Opinion & Order, the Court noted, "there is absolutely no indication of what the plaintiff did or promised to do to support consideration for the agreement." The Court therefore instructed Plaintiff to file an Amended Complaint setting forth "with more particularity the terms of the alleged agreement, including any payments or promises made by him to Cummings in consideration of Cummings' alleged agreement regarding a patent application." (Memo. Op. & Order at 7).

Plaintiff's Amended Complaint now contains the following allegations with respect to consideration:

> 10. At or near February 1998, Plaintiff met with Theodore Cummings to discuss terms and procedures on filing a patent with the understanding that Mr. Cummings would be the patent agent and be paid a customary fee upon the success of the patent. At this time, Plaintiff and Theodore Cummings both knew Plaintiff was without sufficient resources to enter into a specific fee agreement.
> ***
> 16. February 2002 through November 2002 awaited the results of the patent office . . . It was at this time that Theodore Cummings expected to receive a customary fee should his efforts with NIKE result in a contract for Plaintiff.
> ***

5

32. At the time that Theodore Cummings entered into the agreement to be Plaintiff's agent, he accepted a check, to obtain a provisional utility patent, to represent all material aspects of Plaintiff's invention, including the activatable heating zones, to secure a patent, patent pending, or intellectual property, to enable Plaintiff to be compensated for his invention. Theodore Cummings breached this agreement.

33. Plaintiff understood that he would later pay Theodore Cummings a customary fee, as is customary for patent agent work in the industry, for the services Theodore Cummings agreed to provide in paragraph 32, once Plaintiff's idea was properly patented . . .

***

37. Plaintiff understood that he did not have to immediately pay Theodore Cummings for his services but that Plaintiff and Theodore Cummings agreed payment would be what was "customary" for an agent in the industry or words to that affect [sic] once the invention "took off" and generated enough profit to pay Theodore Cummings.

Amd. Compl. ¶¶ 10, 16, 32, 33, 37.

Defendant Theodore Cummings argues that these allegations are still insufficient to establish a "meeting of the minds" with respect to consideration. Defendant contends that even though Plaintiff has alleged what *Plaintiff's* understanding was, Plaintiff has failed to adequately allege that *Defendant* also understood that he was receiving a benefit and knew what that benefit was. Specifically, he argues that Plaintiff has failed to allege that Cummings understood the terms of the agreement, failed to allege that the terms were bargained for, and failed to allege that the parties knew what was meant by a "customary" fee.

In the Court's view, Plaintiff's allegations are sufficient to withstand Defendant's motion to dismiss. Plaintiff alleges that in 1998, at the time Cummings agreed to act as a patent agent, both parties knew that Plaintiff was not in a position to pay him for his services. However, they met "with the understanding that Mr. Cummings would be the patent agent and be paid a customary fee upon the success of the patent." (Amd. Compl. ¶ 10). Plaintiff further alleges that

in 2002, once the application had been filed and they were awaiting results, "Theodore Cummings expected to receive a customary fee should his efforts with NIKE result in a contract for Plaintiff." (Id. at ¶ 16).  Finally, Plaintiff alleges that "Plaintiff and Theodore Cummings agreed payment would be what was 'customary' for an agent in the industry. . . once the invention 'took off' and generated enough profit to pay Theodore Cummings." (Id. at ¶ 37).

Accepting these allegations as true, it appears that the parties did have a "meeting of the minds" with respect to consideration, and that there was a "bargained for" exchange of promises. In exchange for the promise to be paid a customary fee once Plaintiff's invention began generating some profit, Cummings promised to submit the patent application on Plaintiff's behalf.

The alleged agreement to pay Cummings a fee "customary for an agent in the industry" is not necessarily problematic.  Even though no specific dollar amount was agreed upon, the parties could readily determine the customary fee paid to a patent agent.  See Litsinger Sign Co. v. The American Co., 11 Ohio St. 2d 1, 14, 227 N.E.2d 609, 619 (Ohio 1967) (agreement to do work at "ordinary industry prices" was enforceable).  In the Court's view, Plaintiff has sufficiently alleged a meeting of the minds with respect to consideration.  For these reasons, the Court denies Defendant's motion to dismiss the breach of contract claim.

    **C.**    **Count II: Fraudulent Inducement**

In Count II of the Amended Complaint, Plaintiff alleges that Defendants Theodore Cummings and P&G fraudulently induced him to enter into the agreement to allow Cummings to submit the patent application for his invention.  Under Ohio law, an action for fraudulent inducement consists of the following elements:

> (a) a misrepresentation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

Burr v. Board of County Comm. of Stark County, 23 Ohio St.3d 69, 491 N.E.2d 1101, syl. ¶ 2 (Ohio 1986). Moreover, Federal Rule of Civil Procedure 9(b) requires that claims of fraud be pled with particularity. The complaint, at a minimum, must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993).

In its November 27, 2007 Memorandum Opinion & Order, the Court held that Plaintiff's claim of fraudulent inducement was not pled with the requisite particularity. The Court noted that the Complaint failed to identify what each defendant did to fraudulently induce Plaintiff to enter into the agreement. The Complaint was also void of any allegations concerning the time, place, or content of the alleged inducement, and did not identify the reason for the alleged fraudulent inducement. (Memo. Op. & Order at 10). The Court directed Plaintiff, in his Amended Complaint, to identify "specific actions engaged in by each individual defendant which allegedly fraudulently induced him to enter into the agreement with Cummings; the time and place where the inducements took place; the defendants' alleged reason for fraudulent inducement; and the specific terms of the alleged agreement." (Id. at 11).

The Amended Complaint now reads, in pertinent part:

43. The representations of Theodore Cummings and the provisional utility patent, or provisional patent, obtained by an employee of P&G were secured by Defendants misrepresenting to Plaintiff that they were securing all material aspects of his idea before the U.S. Patent and Trademark Office including activatable heating zones.

44. Defendant Theodore Cummings fraudulently induced Plaintiff from the point in time that Theodore Cummings signed as a witness for the invention and suggested to Plaintiff that he could represent Plaintiff as his agent and patent attorney.

45. Defendant P&G engaged in fraud and Plaintiff was induced by P&G because he was told by Theodore Cummings that P&G would ensure that the provisional patent and or utility patent would be handled by him and P&G.

46. Plaintiff in reliance on Theodore Cummings' and P&G's representations, at or near the time that Defendants submitted the work to the U.S. Patent and Trademark Office, Plaintiff believed Defendants had in fact submitted all of his ideas, artwork etc. to the U.S. Patent and Trademark Office for purposes of obtaining a patent on all material aspects of his invention idea.

47. Theodore Cummings also fraudulently induced Plaintiff to continue the agreement after submitting the work to the U.S. Patent and Trademark Office when he represented to NIKE that he was an attorney and that he had prosecuted the original patent when in fact the original patent was rejected and what was in fact patented was an invention without the activatable heating zones but this was not revealed to NIKE or Plaintiff during November 2002 or shortly thereafter.

48. As a result of Defendant Theodore Cummings' and P&G's fraudulent inducement, Plaintiff was harmed and continues to suffer pecuniary harm and, accordingly, demands compensation and punitive damages for the fraudulent acts. Plaintiff demands damages based the proof adduced at a trial on the matter.

Amd. Compl. ¶¶ 43-48.

Defendant Theodore Cummings argues that these allegations are still insufficient to satisfied the heightened pleading requirement of Federal Rule of Civil Procedure 9(b).[1] The Court agrees. Plaintiff has cured some, but not all, of the pleading deficiencies previously noted. Plaintiff now alleges that in order to induce him to enter into the agreement, Defendant Cummings made the misrepresentation that he would secure all material aspects of Plaintiff's invention including the activatable heating zones. Reading the Amended Complaint as a whole, the alleged fraudulent inducement appears to have taken place in 1997 or 1998. Still notably absent from the Amended Complaint, however, are any allegations concerning where the alleged fraudulent inducement took place.

More importantly, the factual allegations contained in the Amended Complaint fail to support any inference that Cummings knowingly made a false representation with the intent of misleading Plaintiff into relying on it. Plaintiff must allege that, at the time Cummings told him that he would secure a patent for all material aspects of Plaintiff's invention, Cummings knew that statement to be false or made it with such utter disregard and recklessness as to its truth or falsity that knowledge may be inferred.

As the Court reads the Amended Complaint, Cummings promised to secure a patent for Plaintiff's entire invention, including the activatable heating zones. Cummings then failed to fulfill that promise. The patent that was issued did not include the activatable heating zones. While these allegations may give rise to a claim for breach of contract, they do not give rise to a

---

[1] Plaintiff contends that because Defendants were able to file an Answer to the Amended Complaint, this shows that they had sufficient notice of the claims asserted against them. Not surprisingly, Plaintiff cites no authority for this proposition. The mere fact that Defendants filed an Answer does not mean that Plaintiff's allegations are sufficient to state a claim upon which relief can be granted.

claim of fraudulent inducement absent a showing that: (1) *at the time Cummings made the promise*, he intended to exclude the activatable heating zones from the patent application in order to misappropriate that portion of Plaintiff's invention for his own benefit or the benefit of P&G; and (2) Cummings made the statement with the intent of misleading Plaintiff into relying on it. The Amended Complaint contains no allegations from which such fraudulent intent could be inferred.

Plaintiff also alleges that Cummings fraudulently induced him "*to continue the agreement* after submitting the work to the U.S. Patent and Trademark Office when he represented to NIKE that he was an attorney and that he had prosecuted the original patent when in fact the original patent was rejected and what was in fact patented was an invention without the activatable heating zones but this was not revealed to NIKE or Plaintiff during November 2002 or shortly thereafter." Amd. Compl. ¶ 47 (emphasis added). Cummings' alleged failure to tell Plaintiff that the original patent application had been rejected and that the patent that was issued did not include the activatable heating zones might give rise to another cause of action, but it does not constitute fraudulent inducement. A claim of fraudulent inducement addresses only conduct that occurs during the negotiation of a contract for the purpose of inducing the other party to enter into the contract. It does not address conduct that occurs after the inception of the contract.[2]

---

[2] In his memorandum in opposition, Plaintiff again alleges that Cummings engaged in fraud by failing to provide all relevant information to the United States Patent and Trademark Office. However, this conduct also occurred after the inception of the contract and is, therefore, irrelevant to Plaintiff's claim of fraudulent inducement.

Because Plaintiff has failed to state a claim upon which relief can be granted, the Court grants Defendant's motion to dismiss the fraudulent inducement claim.

### III. Conclusion

For the reasons stated above, Defendant Theodore Cummings' motion to dismiss Counts I and II of the Amended Complaint (Record at 49) is **GRANTED IN PART and DENIED IN PART**. The Court denies Defendant's motion to dismiss Count I, the breach of contract claim. However, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court **DISMISSES** Count II of the Amended Complaint, the fraudulent inducement claim, for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: July 11, 2008      **/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court