IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEITH WHITTLE,**

        Plaintiff,

  vs.                          Civil Action 1:06-CV-744
                                   Judge Holschuh
                                   Magistrate Judge King

**PROCTOR AND GAMBLE,** *et al.*,

        Defendants.

## OPINION AND ORDER

The *Amended Complaint* filed in this action asserts, *inter alia*, a patent infringement claim against defendant Traci Cummings and specifically alleges that she (and the other defendants) "intentional[ly,] knowing[ly] and willful[ly] market[ed] and or ma[de] and or s[old] aspects of the Plaintiff's patented invention." *Amended Complaint*, at ¶54, Doc. No. 43.  Defendant Traci Cummings filed a motion for summary judgment, Doc. No. 47.  In response, plaintiff asks for an extension of time to make substantive response to the motion in order to enable him to conduct discovery.  *Plaintiff's Response in Opposition*, Doc. No. 55.

Rule 56(f) of the Federal Rules of Civil Procedure establishes the proper procedure where a party concludes that additional discovery is necessary in order to respond to a motion for summary judgment:

> **When Affidavits Are Unavailable.**  If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may:
>
>   (1)  deny the motion;
>   (2)  order a continuance to enable affidavits to be obtained, depositions to be taken or other discovery to be undertaken;

(3)   issue any other just order.

Rule 56(f)(2007).  The affidavit required by the rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."  *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000)(citing *Radich v. Goode,* 866 F.2d 1391, 1393-94 (3d Cir. 1989)).

A motion under Rule 56(f) may be properly denied where the requesting party "makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered," *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004)(citing *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989)).

In support of her motion for summary judgment, defendant Traci Cummings avers that she is a school teacher, married to one of the co-defendants, and that she has never "made, used, sold, offered for sale or imported for sale" any product addressed in plaintiff's claim against her.  *Declaration of Traci Cummings*, ¶10, attached to *Motion for Summary Judgment*, Doc. No. 47.  In his Rule 56(f) request, plaintiff submits the affidavit of his attorney who states simply that "defense counsel has not provided any discovery," that "discovery is needed for response to the motion for summary judgment," and that "[a]bsent receipt of discovery, Plaintiff. . . will be prejudiced and unable to sufficiently present its response." *Affidavit of James R. Greene, III, Esq.*, ¶¶3 - 5, attached to *Response in Opposition*, Doc.

No. 55. Plaintiff apparently contemplates this defendant's deposition and "other discovery." *Id.*, ¶5.

Plaintiff's request was made five months ago. It is not apparent to the Court whether plaintiff has conducted any discovery addressing his claim against Traci Cummings in the interim. Even if plaintiff has not, the Court declines to grant a further extension to permit discovery in light of the wholly insufficient showing in support of his Rule 56(f) request. Plaintiff has not articulated any facts in support of his claim against this defendant, nor has he specifically identified the particular discovery needed by him to counter the factual allegations made in support of this defendant's motion for summary judgment. The general and conclusory statements regarding the need for more discovery made by plaintiff's counsel fail to satisfy the standards of Rule 56(f).

Accordingly, plaintiff's request for an extension of time to make substantive response to the motion for summary judgment filed by defendant Traci Cummings, Doc. No. 55, is **GRANTED IN PART**. Plaintiff may have until August 1, 2008, to further respond to the motion for summary judgment.

JULY 17, 2008                               *s/Norah McCann King*
                                            Norah McCann King
                                            United States Magistrate Judge