IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEITH WHITTLE,**

        **Plaintiff,**

  vs.                            **Civil Action 1:06-CV-744**
                                     **Judge Holschuh**
                                     **Magistrate Judge King**

**PROCTOR AND GAMBLE,** *et al.***,**

        **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on *Defendant Proctor & Gamble's Motion Requesting a Ruling on Plaintiff's Failure to Submit a Claim Construction Chart* ("*Motion for Ruling*"), Doc. No. 94, and *Defendant Theodore Cummings' Notice Regarding Joint Claim Construction Chart* ("*Motion to Dismiss Patent Count*"), Doc. No. 95.  For the reasons that follow, the Magistrate Judge **GRANTS** the *Motion for Ruling* and **RECOMMENDS** that the *Motion to Dismiss Patent Count* be **DENIED without prejudice** to a renewal.

I.    BACKGROUND

Plaintiff filed this action on September 12, 2006, Doc. No. 1, and on January 16, 2008, plaintiff filed the *Amended Complaint*, Doc. No. 43.  Plaintiff alleges that defendant Theodore Cummings ("Mr. Cummings") entered into a contract to represent plaintiff before the Patent and Trademark Office to secure a patent ("the '019 patent"),[1] but that Mr. Cummings acted in breach of that contract.  Plaintiff also asserts a patent infringement claim against Cummings and

---

[1] "Plaintiff was issued patent number 09/146,183 with a filing date of July 8, 2003 and patent # 6,5888,019 and file wrapper contents do not contain and or include all valuable aspects of the invention as submitted to Theodore Cummings; most notably they do not include the 'activatable heating zones." *Amended Complaint*, ¶ 29.

defendant Proctor and Gamble ("P&G") (collectively, "defendants"), the employer of defendant Theodore Cummings and the entity that, plaintiff alleges, received the patent that should have been issued to plaintiff.[2]

On February 13, 2008, the Court ordered plaintiff to submit his preliminary infringement contentions and claim chart by April 7, 2008, and to submit a claim construction chart with construction of each asserted claim by May 20, 2008.  *Order*, Doc. No. 54.  After the initial deadline of April 7, 2008, passed without plaintiff's required submissions, defendants filed motions to dismiss for lack of prosecution.  Doc. Nos. 65 and 66.  The Court determined that plaintiff's proffered reasons for his failure to meet the deadlines had little merit, but declined to dismiss the action at that time.  *Order*, Doc. No. 76.  The Court denied, without prejudice to renewal, defendants' motions to dismiss and ordered plaintiff to submit his claim construction chart by July 21, 2008.  *Id*.  Shortly thereafter, the Court ordered the parties to prepare and, by August 29, 2008, file a joint claim construction chart setting forth the claim constructions to which the parties agree, the disputed claim constructions and, for each disputed construction, each party's proposed construction.  *Order*, Doc. No. 78.

On July 21, 2008, *Plaintiff's Markman Brief*, Doc. No. 81, was filed.  Subsequently, P&G filed a response to *Plaintiff's Markman*

---

[2] The Court dismissed plaintiff's fraudulent inducement claim against all parties on July 11, 2008.  *Opinion and Order*, Doc. No. 77.  On August 4, 2008, the Court dismissed with prejudice plaintiff's claims against defendant Traci Cummings, the wife and alleged agent of defendant Theodore Cummings.  *Order*, Doc. No. 85.

2

*Brief*, arguing that plaintiff's filing lacked a claim construction chart or preliminary infringement contentions and did not refer to even a single claim in the '019 patent. *Defendant Proctor & Gamble's Memorandum in Response to Plaintiff's Markman Brief and Response on Claim Construction*, Doc. No. 86. P&G further contended that Exhibit A attached to *Plaintiff's Markman Brief* "is a cut and paste copy of his non-provisional application for utility patent No. 09/146,183." *Id*. at 2. P&G requested that the Court order plaintiff to comply with the prior *Order* and prepare a claim construction chart because P&G "is in no position to make a meaningful response on claim construction." *Id*. Similarly, on August 11, 2008, Mr. Cummings argued in his response that *Plaintiff's Markman Brief* was insufficient and "reveals apparent confusion as to the difference between a legal claim for patent infringement and a patent claim." *Defendant Theodore Cummings' Memorandum in Response to Plaintiff's Markman Brief and Response on Claim Construction*, Doc. No. 87, p. 1. Mr. Cummings requested dismissal of the patent infringement claim against him and requested that the Court require plaintiff's compliance with prior Court orders. *Id*. Plaintiff did not reply to the defendants' responses.

On August 29, 2008, defendants filed motions seeking a ruling regarding plaintiff's alleged failure to comply with Court orders and dismissal of plaintiff's patent claim. *Motion for Ruling*, Doc. No. 94, and *Motion to Dismiss Patent Count*, Doc. No. 95. On the same day, *Plaintiff's Claim(s) Construction Contentions*, Doc. No. 96, was filed.

The *Motion for Ruling* and *Motion to Dismiss Patent Count* were referred to the undersigned for consideration and a *Report and*

*Recommendation*. *Order*, Doc. No. 98. The Court will address each motion in turn.

**II.   *MOTION FOR RULING***

**A.   Background**

P&G contends that *Plaintiff's Markman Brief* lacks a claim construction chart, thereby failing to comply with the Court's prior orders. *Motion For Ruling*, pp. 3-4. P&G argues that it has no basis for providing a response and plaintiff's failure prevents the parties from preparing a joint claim construction chart, as previously ordered by the Court. *Id*. at 4-5. P&G requests that plaintiff be required to prepare a claim construction chart. *Id*. at 5. P&G reserves its right to renew its motion to dismiss for failure to prosecute. *Id*.

Shortly after P&G filed its *Motion For Ruling*, *Plaintiff's Claim(s) Construction Contentions* ("*Claim Construction*"), Doc. No. 96, was filed. Plaintiff attaches the same Exhibit A that he submitted with *Plaintiff's Markman Brief*.

**B.   Standard**

Claim construction, the first step in an infringement analysis, involves "determining the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996). A claim construction chart, or claim chart, is a "'patent-claim-element' comparison of the subject patent and the allegedly-infringing product[.]" *Attic Tent, Inc. v. Copeland*, No. 3:06CV66-W, 2006 U.S. Dist. LEXIS 57601, at *14 (W.D. N.C. Aug. 14, 2006). A plaintiff must identify:

(1)  which claim(s) of his patent that defendants allegedly infringed;

(2)  which products or methods of defendants allegedly literally infringe on each claim; and

(3)  where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present.

*See*, *e.g.*, *MTS Sys. Corp. v. Hysitron Inc.*, No. 06-3853, 2007 WL 2159490, at *4 (D. Minn. July 25, 2007).

### C. Discussion

After review of *Plaintiff's Markman Brief* and *Claim Construction*, the Court concludes that plaintiff has failed to submit a claim construction chart as previously ordered by this Court. *See Orders*, Doc. Nos. 54, 76 and 78. The *Motion for Ruling*, Doc. No. 94, is therefore **GRANTED**. Plaintiff is **ORDERED** to submit a proper claim construction chart within ten (10) days of the date of this *Order*. Plaintiff is specifically warned that failure to comply may result in the imposition of sanctions, including dismissal of the action.

### III. *MOTION TO DISMISS PATENT COUNT*

Mr. Cummings asks that the Court dismiss plaintiff's patent claim for failure to comply with this Court's orders. *Motion to Dismiss Patent Count*. Plaintiff's apparent response to the *Motion to Dismiss Patent Count* was his *Claim Construction*.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include [an order]

. . .dismissing the action or proceeding in whole or in part . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, Rule 41 of the Federal Rules of Civil Procedure provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . ." Fed. R. Civ. P. 41(b). Dismissal of an action for failure to cooperate in discovery or to comply with the orders of the court is left to the sound discretion of the trial court. *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366 (6th Cir. 1997) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)). In applying either Rule 37(b)(2) or Rule 41, the Court must consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id*. at 366–67.

In this case, it is clear that plaintiff has not produced the claim chart required of him by this Court's orders. However, giving plaintiff every benefit of the doubt, it does not appear that plaintiff's failure to do so is due to wilfulness or bad faith. Rather it appears that plaintiff does not understand what is required of a claim chart. Moreover, although defendants have been prejudiced by plaintiff's failure in this regard, a sanction less drastic than dismissal – *i.e.*, monetary sanctions – may alleviate the prejudice

6

suffered by defendants.

It is therefore **RECOMMENDED** that the *Motion to Dismiss Patent Count* be **DENIED without prejudice** to renewal should plaintiff fail to produce a proper claim construction chart within ten days. It is **FURTHER RECOMMENDED** that plaintiff be required to pay to defendants the attorney fees incurred by defendants in connection with the filing of these motions. *See* Fed. R. Civ. P. 37(a)(5). Defendants may provide to plaintiff, within ten (10) days, an itemization of the fees related to these two motions. If any party wants a hearing on the amount of fees to be awarded, that party may file a motion for such a hearing.

**WHEREUPON**, *Defendant Proctor & Gamble's Motion Requesting a Ruling on Plaintiff's Failure to Submit a Claim Construction Chart,* Doc. No. 94, is **GRANTED**. Plaintiff is **ORDERED** to submit a claim construction chart within ten (10) days from the date of this *Order*. It is **RECOMMENDED** that *Defendant Theodore Cummings' Motion to Dismiss Patent Count*, Doc. No. 95, be **DENIED without prejudice** to renewal. It is further **RECOMMENDED** that plaintiff pay to defendants the attorney fees incurred in filing these two motions.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court

Case: 1:06-cv-00744-JDH-NMK Doc #: 104 Filed: 09/26/08 Page: 8 of 8  PAGEID #: 820

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

September 26, 2008                    *s/Norah McCann King*
                                       Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge

8