# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| KEITH WHITTLE, | : | |
| Plaintiff, | : | Case No. 1:06-cv-744 |
| v. | : | Judge Holschuh |
| PROCTER & GAMBLE, et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

Plaintiff Keith Whittle sued The Procter & Gamble Company ("P&G") and Theodore and Traci Cummings, alleging breach of contract, fraudulent inducement, and patent infringement. His only claim against Defendant Traci Cummings was for patent infringement. Several months after she moved for summary judgment, Plaintiff moved to dismiss the patent infringement claim against her with prejudice. The Court granted Plaintiff's motion. Some of Plaintiff's claims against the other defendants remain pending.

This matter is currently before the Court on two motions: 1) Defendant Traci Cummings' motion for judgment under Federal Rule of Civil Procedure 54(b); and 2) Defendant Traci Cummings' motion for attorney's fees and costs. Plaintiff has failed to file memoranda in opposition to either motion. For the reasons stated below, Defendant's unopposed motion for judgment is granted, and Defendant's unopposed motion for attorney's fees and costs is granted in part.

**I. Background and Procedural History**

In his Amended Complaint, Plaintiff alleges that Defendant Traci Cummings (hereafter "Defendant") violated 35 U.S.C. § 271(a), which provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent." Defendant is an elementary school teacher in Cincinnati, Ohio. Her husband, Theodore Cummings, filed a patent application on Plaintiff's behalf. Except for the fact that Defendant called Plaintiff to notify him that the patent had been received, Plaintiff has not identified any conduct on Defendant's part linking her to the patent infringement claim.

On January 28, 2008, Defendant moved for summary judgment on Plaintiff's patent infringement claim. After requesting additional time to respond to her summary judgment motion, Plaintiff finally acknowledged, on August 1, 2008, that he was unable to withstand the motion for summary judgment. He moved to dismiss his patent infringement claim against Defendant with prejudice. The Court granted Plaintiff's motion on August 4, 2008.

On August 18, 2008, Defendant filed a motion seeking $15,295.72 in attorney's fees and $251.51 in costs. The following day, the Clerk of Courts issued a Notice stating that the Bill of Costs would be "held in abeyance until a judgment is entered and/or the time for any appeal has run, and the Bill of Costs is re-filed." (Doc. 91.) This prompted Defendant to file a motion for judgment under Federal Rule of Civil Procedure 54(b) in order to expedite the payment of attorney's fees and costs. Plaintiff has not filed memoranda in opposition to either of Defendant's motions.

**II.	Motion for Judgment Under Federal Rule of Civil Procedure 54(b)**

Federal Rule of Civil Procedure 54(b) provides that a court may direct an entry of final

judgment as to one or more, but fewer than all of the claims or parties, only when the court

expressly determines that no just reason exists for delay and the court expressly directs for the

entry of judgment.  Fed. R. Civ. P. 54(b).

In this case, the sole claim filed against Defendant has been dismissed with prejudice, but

Plaintiff's claims against the other parties remain pending.  Therefore, the Court may direct the

entry of judgment in favor of Defendant if it determines that no just reason exists for delay.   The

Sixth Circuit has articulated the following non-exhaustive list of factors the court should

consider when deciding whether there is any just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated
> claims; (2) the possibility that the need for review might or might not
> be mooted by future developments in the district court; (3) the
> possibility that the reviewing court might be obliged to consider the
> same issue a second time; (4) the presence or absence of a claim or
> counterclaim which could result in set-off against the judgment
> sought to be made final; (5) miscellaneous factors such as delay,
> economic and solvency considerations, shortening the time of trial,
> frivolity of competing claims, expense and the like.

General Acquisition, Inc. v. GenCorp Inc., 23 F.3d 1022, 1030 (6th Cir. 1994) (citing

Corrosioneering, Inc. v. Thyssen Env'l Sys., Inc., 807 F.2d 1279, 1283 (6th Cir. 1986)).

Defendant argues that, in this case, there is no just reason for delay because: (1) there is

no relationship between the adjudicated and unadjudicated claims; (2) review of this matter is

very unlikely since Plaintiff moved to dismiss his only claim against Defendant with prejudice;

(3) her judgment will not be set-off by any claims or counterclaims; and (4) she is seeking

judgment solely to facilitate recovery of her costs and fees.

As previously noted, Plaintiff has not opposed Defendant's motion. For the reasons stated by Defendant, the Court finds that there is no reason to delay the entry of judgment in this case. Because Plaintiff has dismissed his only claim against her with prejudice and no counterclaims are pending, many of the traditional concerns associated with entering judgment under Rule 54(b) are simply not implicated in this case. The Court therefore grants Defendant's motion for judgment pursuant to Federal Rule of Civil Procedure 54(b), and directs the Clerk to enter judgment in favor of Defendant Traci Cummings.

## III.    Motion for Attorney's Fees

### A.    Relevant Law

The applicable patent statute provides that the court may, in exceptional cases, award reasonable attorney fees to the prevailing party. See 35 U.S.C. § 285. If the court finds that a case is exceptional, the court has discretion to determine whether to award fees to the prevailing party and to determine how much is reasonable. See Schwartz, Herbert F., Patent Law and Practice § 8.V. (5th ed. 2006). In exercising its discretion, the district court may weigh both tangible and intangible factors, such as "the closeness of the question, litigation behavior and any other factors whereby fee shifting may serve as an instrument of justice." Superior Fireplace Co. v. Majestic Products Co., 270 F.3d 1358, 1378 (Fed. Cir. 2001) (quoting National Presto Indus., Inc. v. West Bend Co., 76 F.3d 1185, 1197 (Fed. Cir.1996)). District courts are granted this discretion because they are in the best position to weigh the factors "that contribute to a fair allocation of the burdens of litigation considering the policies of the laws being enforced, the matter in litigation, and the interests of justice." Schwartz, Herbert F., Patent Law and Practice § 8.V. (5th ed. 2006).

### B.    Analysis

#### 1.    Prevailing Party

A defendant in a patent infringement action is eligible to recover attorney fees only if she is a "prevailing party."  When a plaintiff dismisses a patent infringement claim against a defendant with prejudice, this operates as a judgment on the merits, and renders the defendant a "prevailing party" for purposes of 35 U.S.C. § 285.  See Power Mosfet Tech. LLC v. Siemens AG, 378 F.3d 1396, 1416 (Fed. Cir. 2004); Samsung Elec. Co., Ltd. v. Rambus, Inc., 440 F. Supp. 2d 495, 502 (E.D. Va. 2006).  In this case, because the Court granted Plaintiff's motion to dismiss his patent infringement claim against Defendant with prejudice, Defendant is a "prevailing party."

#### 2.    Exceptional Case

Under federal law, "exceptional cases" have been found in litigation involving inequitable actions before the Patent and Trademark Office, litigation misconduct, vexatious, unjustified or bad faith litigation, and frivolous suits or willful infringement.  Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1380 (Fed. Cir. 2001) (citing Hoffman-La Roche Inc. v. Invamed Inc., 213 F.3d 1359, 1365 (Fed. Cir. 2000)).  Of particular importance to Defendant's motion for attorney's fees is that the "filing and maintaining of an infringement suit that the patentee knows, or on reasonable investigation should know, is baseless constitutes grounds for declaring a case exceptional under 35 U.S.C. § 285 and awarding costs, attorney fees, and expenses to the accused infringer."  Eltech Sys. Corp. v. PPG Indus. Inc., 710 F. Supp. 622, 636 (W.D. La. 1988), aff'd, 903 F. 2d 805 (Fed. Cir. 1990).

As Defendant argues, Plaintiff filed and maintained a patent infringement claim against her that, on reasonable investigation, he should have known was baseless. Over the course of almost two years, Plaintiff never offered any evidence to support his claim against her. Despite the lack of evidence, Plaintiff opposed two motions to dismiss by Defendant, and reasserted his claim against her in his Amended Complaint. He then requested additional time to conduct discovery before responding to her motion for summary judgment. On August 8, 2008, Plaintiff finally admitted that he could not withstand her motion for summary judgment. Moreover, the Court notes that Plaintiff has not opposed Defendant's motion for attorney's fees. In the Court's view, Plaintiff's claim against Defendant was clearly unjustified from its very inception, and the fact that it took Plaintiff almost two years to dismiss it is inexcusable. The Court therefore finds that this case is "exceptional" under 35 U.S.C. § 285.

### 3.    Reasonableness of Fees Requested

Having concluded that this is an exceptional case and that Defendant is a prevailing party, the Court must next determine whether attorney fees should be awarded and, if so, whether the fees requested are reasonable. For the reasons stated above, the Court finds that Plaintiff should be sanctioned and that Defendant is, therefore, entitled to an award of attorney's fees. The only question is how much.

The same law firm represents Theodore and Traci Cummings, and the billing records for this matter are intertwined. (See Ex. A to Decl. of Kevin Kirsch). As of August 14, 2008, Theodore and Traci Cummings have incurred $30,591.45 in attorney's fees as a result of this lawsuit. (Kirsch Decl. ¶ 8.) In her motion, Defendant requests $15,295.72, one-half of that amount.

In the Court's view, Defendant's request is not reasonable. It is clear from the record that the major targets of this lawsuit have always been Theodore Cummings and P&G. Traci Cummings should have never been made a party defendant in this suit. Defendant is clearly entitled to the attorney fees incurred in connection with the motion for summary judgment filed solely on her behalf. However, under the circumstances presented here, the Court cannot find that she is entitled to half of all attorney fees jointly incurred up to this point in the litigation.

The Court finds that Defendant is entitled to be reimbursed for the following expenses as set forth in Exhibit A to Kevin W. Kirsch's Declaration:

| Date | Attorney | Description | Hours | Value |
|------|----------|-------------|-------|-------|
| 1/24/08 | Bednarczuk | Attention to draft of summary judgment on behalf of Traci Cummings. | 2 | $380.00 |
| 1/25/08 | Kirsch | Cummings: Revise MSJ; telephone call with Ted Cummings regarding multiple issues. | .75 | $150.00 |
| 1/25/08 | Bednarczuk | Draft answer to amended complaint; attention to motion for summary judgment; conference with Kevin W. Kirsch; conference call with client; correspondence with client. | 3.25 | $617.50 |
| 1/28/08 | Kirsch | Cummings: final revision to MSJ for Traci Cummings; telephone call to Ted Cummings regarding next steps and status of declaration; communication with co-defendant counsel. | 1 | $200.00 |
| 1/28/08 | Bednarczuk | Preparation of declaration of Ryan Bednarczuk and Traci Cummings; Revisions to draft motion; conference call with client regarding same. | 1 | $190.00 |
| 2/18/08 | Kirsch | Cummings: review opposition to MSJ; direct RB regarding response. | .75 | $150.00 |

| 2/26/08 | Bednarczuk | Case law research regarding Rule 11 and Rule 56(f) discovery requests; attention to memorandum in opposition to Traci Cummings' motion to dismiss. | 3.50 | $665.00 |
|---------|-----------|---------------------------------------------------------------------------------------------------------------------------------------------------------|------|---------|
| 2/27/08 | Bednarczuk | Draft Traci Cummings' reply to memorandum in opposition. | 5.50 | $1,045.00 |
| 2/28/08 | Kirsch | Cummings: revise reply brief to opposition to MSJ; review motion for extension of time; review reply brief regarding motion to dismiss. | 1 | $200.00 |
| 2/29/08 | Bednarczuk | Correspondence with Kevin W. Kirsch regarding reply brief for motion for summary judgment; preparation and filing of same. | .50 | $95.00 |
| | | **Total Attorney's Fees:** | | **$3,692.50** |

The Court finds that the hourly rate charged by the attorneys and the time they spent on the tasks at hand are reasonable. Therefore, based on the above billing records, the Court awards Defendant a total of $3,692.50 in attorney's fees. Plaintiff shall submit payment to Defendant Traci Cummings within 30 days of the date of this order.

## III. Motion for Costs

Defendant's motion for costs was previously held in abeyance by the Clerk of Courts "until judgment is entered and/or the time for any appeal has run, and the Bill of Costs is re-filed." (Doc. 91.) The relevant local rule provides, "[u]nless otherwise ordered, taxation of costs shall not occur until a final judgment in favor of a party entitled to an award of costs has been entered by the Court." S.D. Ohio Civ. R. 54.1(a). After the Clerk enters judgment in favor of Defendant in accordance with this order, Defendant may re-file her Bill of Costs.

**IV.    Conclusion**

For the reasons stated above, Defendant's motion for judgment under Rule 54(b) of the

Federal Rules of Civil Procedure (Doc. 93) is **GRANTED**.  The Clerk is directed to enter

judgment in favor of Defendant Traci Cummings.

Defendant's motion for attorney's fees under 35 U.S.C. § 285 and costs under Rule

54(d)(1) of the Federal Rules of Civil Procedure (Doc. 88) is **GRANTED IN PART**.  Plaintiff

shall submit payment of $3,692.50 in attorney's fees to Defendant Traci Cummings within 30

days of the date of this order.  Defendant may re-file her Bill of Costs with the Clerk of Court.

**IT IS SO ORDERED.**

Date: November 14, 2008                                **/s/ John D. Holschuh**
                                                       John D. Holschuh, Judge
                                                       United States District Court