IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEITH WHITTLE,**

        **Plaintiff,**

  vs.                                  Civil Action 1:06-CV-744
                                          Judge Holschuh
                                          Magistrate Judge King

**PROCTOR AND GAMBLE,** *et al.*,

        **Defendants.**

<u>ORDER</u>

This matter is before the Court on plaintiff's motion for clarification in connection with the submission of fees pursuant to the *Order and Report and Recommendation*, Doc. No. 104. *Plaintiff's Motion for Clarification on Defendants Procter & Gamble's and Theodore P. Cummings' Order on Fees Submission*, Doc. No. 112 ("*Motion for Clarification*"). For the reasons that follow, the *Motion for Clarification* is **GRANTED**.

I.    BACKGROUND

On August 29, 2008, defendants (hereinafter separately referred to as "defendant Cummings" and "P&G") filed motions addressing plaintiff's failure to file a claim construction chart, Doc. Nos. 94, 95. On September 26, 2008, the undersigned issued a *Report and Recommendation* recommending, *inter alia*, that "plaintiff be required to pay to defendants the attorney fees incurred by defendants in connection with the filing of these motions [Doc. Nos. 94 and 95]." *Order and Report and Recommendation*, Doc. No. 104, p. 7 ("*Report and Recommendation*"). Defendants were directed to submit an itemization of fees to plaintiff within ten (10) days. *Id*. The District Judge adopted the *Report and Recommendation* without objection. Doc. No.

117.

Defendant Cummings subsequently submitted his itemization to plaintiff. *Motion for Clarification*, p. 2 and Exhibit A attached thereto. Plaintiff questions whether all of the fees itemized by defendant Cummings are appropriately related to the motions addressed in the Court's orders. *Id*. In particular, plaintiff questions the following items:

| | |
|---|---|
| Item No. 49836 00662 | "review of P&G's filing" |
| Item No. 50413 01384 | "summary judgment" |
| Item No. 51580 00004 | "conference with P&G's counsel" |
| Item No. 52247 00005 | "review of P&G's filing" |

*Id*. (citing Exhibit A). Plaintiff "does not believe the Court intended for Plaintiff to pay for consultation between Co-Defendants on matters not directly related to the specific client or not on the claims construction chart." *Id*. In response, defendant Cummings argues that all itemized fees relate to plaintiff's failure to provide a claim construction chart. *Memorandum in Opposition to Plaintiff's Motion for Clarification on Order on Fees Submission*, Doc. No. 121 ("*Memo. in Opp.*"), p. 1.

In addition to the four specific disputed items listed above, the Court will review for clarification the entire fee itemization submitted by defendant Cummings.

**II. DISCUSSION**

    **A. Item Nos. 49836 00718 ($1225.00) and 49283 00695 ($665.00)**

These billings, dated June 3, 2008, refer to a reply brief. Exhibit A. Defendant Cummings did not file a reply brief in connection with his motion addressing plaintiff's failure to file a claim construction chart, Doc. No. 95. These entries appear instead to relate to the reply brief filed in support of defendant Cummings's June 3, 2008, motion to dismiss. Doc. No. 66. *See* Exhibit A; Doc. No. 73. The Court resolved that motion on June 27, 2008, but did not award attorney fees to defendant Cummings. *See Order*, Doc. No. 76. Defendant Cummings is not entitled to reimbursement for Item Nos. 49836 00718 and 49283 00695.

**B.     Item Nos. 49836 00662 ($87.90) and 49798 00018 ($142.50)**

These entries, dated June 11, 2008, apparently relate to filings by both defendants notifying the Court that plaintiff had failed to submit a claim construction chart in accordance with the deadline set forth in the Court's *Preliminary Pretrial Order*, Doc. No. 54. *See* Exhibit A; Doc. Nos. 74 and 75. Defendant Cummings contends that "review of P&G's filing" was related to plaintiff's failure to provide a claim construction chart because defendant Cummings "joined P&G's motion(s) on the issue and it is expected that counsel would review those relevant filings and conference regarding the same." *Memo. in Opp.*, p. 2.

Review of P&G's filing, Doc. No. 74, and preparation of the filing of defendant Cummings, Doc. No. 75, are not sufficiently related to Doc. No. 95, which was filed more than two months later. Accordingly, plaintiff need not reimburse defendant Cummings for Item Nos. 49836 00662 and 49798 00018.

**C.     Item No. 50413 01384 ($47.50)**

3

This entry, dated June 27, 2008, relates to "attention to order of court re: motion for summary judgment for lack of prosecution, conference with Kevin W. Kirsch." Exhibit A.

As an initial matter, the Court observes that the order entered on June 27, 2008, addressed a motion to dismiss, not a motion for summary judgment. *Order*, Doc. No. 76. As discussed *supra*, the Court, in resolving that motion, did not make an award of attorney's fees. Defendant Cummings is therefore not entitled to reimbursement for Item No. 50413 01384.

**D.   Item No. 51552 00869 ($175.00) and 51580 00004 ($95.00)**

These entries, dated July 22, 2008, relate to plaintiff's *Markman* claim construction position and preliminary infringement contentions, Doc. No. 81. Exhibit A.

Plaintiff does not dispute that Item No. 51552 00869 is properly reimbursable. However, he challenges the fee for the conference with P&G's counsel reflected in Item No. 51580 00004. *Motion for Clarification*, p. 2. Conferring with a co-defendant is not an uncommon method of conserving litigation-related resources and developing strategy. The conference with the co-defendant in connection with plaintiff's *Markman* brief and position on the claim chart is sufficiently related to Doc. No. 95 to justify inclusion of this item in the fee award. Accordingly, plaintiff must reimburse defendant Cummings for Item Nos. 51552 00869 and 51580 00004.

**E.   Item No. 52266 00952 ($95.00)**

This entry, dated August 7, 2008, relates to a conference with the co-defendant in connection with plaintiff's claim chart and "next steps." Exhibit A. For the reasons articulated *supra*, the Court

concludes that this fee is sufficiently related to Doc. No. 95 to warrant inclusion in the fee award. Accordingly, plaintiff must reimburse defendant Cummings for Item No. 52266 00952.

**F. Item No. 52247 00005 ($175.00)**

This entry, dated August 11, 2008, relates to review of a brief filed by P&G, presumably P&G's response to plaintiff's *Markman* brief and claim construction chart, Doc. No. 86. Defendant Cummings contends that this item is properly included because he "joined P&G's motion(s) on the issue and it is expected that counsel would review those relevant filings and conference regarding the same." *Memo. in Opp.*, p. 2.

Defendant Cummings's argument is well-taken. The fee related to counsel's review of the co-defendant's filing addressing plaintiff's *Markman* brief and claim chart, Doc. No. 86, is sufficiently related to Doc. No. 95 as to justify inclusion of this item in the fee award. Accordingly, plaintiff must reimburse defendant Cummings for Item No. 52247 00005.

**G. Fees Itemized by P&G**

Plaintiff also asks for "clarification" of the itemization of fees submitted by P&G, but does not attach the actual itemization for the Court's review. *Motion for Clarification*, p. 1. Accordingly, the Court simply reminds plaintiff and P&G that P&G is entitled to reimbursement of fees related to P&G's filing of Doc. No. 94. *See Report and Recommendation*, p. 7.

**WHEREUPON** the Court **GRANTS** the *Motion for Clarification*, Doc. No. 112, in accordance with this *Order*.

November 26, 2008                             *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge